Robert D. Phillips, Jr. (SBN 82639)
rphillips@reedsmith.com
Henry C. Wang (SBN 196537)
hwang@reedsmith.com
Eric C. Schaffer (SBN 221883)
ecschaffer@reedsmith.com
Tamara M. Rudolph (SBN 228940)
trudolph@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: 213.457.8000
Facsimile: 213.457.8080

William H. Higgins (SBN 208514)
whiggins@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572
Telephone: 510.763.2000
Facsimile: 510.273.8832

Attorneys for Defendant North American
Company for Life and Health Insurance

FILED
CLERK, U.S. DISTRICT COURT
AUG 14 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

NOTE CHANGES MADE BY THE COURT.

UNITED STATES DISTRICT COURT OF CALIFORNIA

FOR THE CENTRAL DISTRICT

| | |
|---|---|
| CHRISTOPHER KRUMMELL, et al., <br><br> Plaintiff, <br><br> vs. <br><br> NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, an Iowa Corporation and DOES 1 through 20, <br><br> Defendant. | No.: CV08-01509 <br> Honorable Christina A. Snyder <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION <br><br> Compl. Filed: March 6, 2008 |

In order to protect confidential and trade secret proprietary information, good cause appearing, and based on the stipulation of the parties to this action by and through their attorneys of record, **IT IS HEREBY ORDERED AS FOLLOWS:**

This Order Regarding Confidential and Trade Secret Information ("Order") shall govern the use of confidential information produced during discovery in this proceeding. For purposes of this Order, the party designating information, documents, materials or items as confidential bears the burden of establishing the confidentiality of all such information, documents, materials or items.

GOOD CAUSE STATEMENT: Good cause exists for entry of this Order because it eliminates unnecessary burdens on document production and avoids unnecessary and burdensome motion practice. "[I]n complex litigation where document-by-document review of discovery materials would be unpracticable, and when the parties consent to an umbrella order restricting access to sensitive information in order to encourage maximum participation in the discovery process, conserve judicial resources and prevent the abuses of annoyance, oppression and embarrassment, a district court may find good cause and issue a protective order pursuant to Rule 26(c)." *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 357 (11th Cir. 1987). Stipulated Protective Orders are "designed to encourage and simplify the exchanging of large numbers of documents, volumes of records and extensive files without concern of improper disclosure. After this sifting, material can be 'filed' for whatever purpose consistent with the issues being litigated whether by pretrial hearing or an actual trial. Judicial review will then be limited to those materials relevant to the legal issues raised. History has confirmed the tremendous saving of time effected by such an approach. The objective is to speed up discovery." *Id.* at 356-57. Further, the information designated as "Confidential" in Section 1. A.-E. of this Order is presumptively confidential in that it includes trade secrets, actuarial analysis, non-public communications with regulators, confidential competitive business information and private personal financial information. Moreover, in

entering stipulated protective orders, parties are generally not required to make a particularized showing of good cause with respect to any individual document. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

1. For the purposes of this Order, "Confidential" information means the following types of documents and information:

   A. information that constitutes a trade secret;

   B. non-public financial or actuarial projections, analyses or studies;

   C. non-public communications with regulators, Departments of Insurance or other governmental bodies that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

   D. information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party; and

   E. policy or policyholder-specific information; provided, however, that no information that is personally identifiable may be disclosed by North American Company for Life and Health Insurance without that person's express written consent or a separate order of the Court.

The fact that an item is listed in this section or not listed in this section shall not prevent either party from bringing a motion to compel or a motion for a further protective order or modification of this order with respect to any particular discovery.

2. Any party may seek an amendment to this Order to designate confidential documents and information in addition to the categories described in Paragraph 1 before production of any such documents and information. The parties must comply with Local Rule 37 and meet and confer in good faith and attempt to reach agreement

on any request by a party to designate such additional categories of confidential documents or information.

3. Confidential documents shall be so designated by stamping copies of the document produced to a party with one of the following legends:

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or

"CONFIDENTIAL"

Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. In situations in which stamping confidential documents with a legend is inconvenient because the documents are in electronic form or any designation by stamping with a legend would conceal any content, then the documents may be designated as confidential in a separate writing provided to the party to which they are produced.

4. Material designated by a party or non-party or their counsel ("Designating Party") as confidential under this Order (hereinafter "Confidential Material") shall be used by persons receiving it only for the purposes of the litigation or settlement of this action.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the following persons (hereinafter "Qualified Persons"):

    a. the parties to this action or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b. counsel for the parties to this action ("Counsel"), including all partners and associate attorneys of such Counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or

associate attorneys and who are actually working on this action, all of whom shall be bound by this Order;

c. The Court and any person employed or retained by the Court ~~whose duties require access to confidential material~~;

d. stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

e. any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

f. actual and/or potential trial or deposition witnesses, where counsel believes, in good faith, that disclosure is necessary to prepare for or develop the testimony of such witnesses;

g. experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

h. employees of firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation; or

i. such other persons as may be designated by written agreement of Counsel or by order of the Court.

6. Prior to receiving any Confidential Material, each Qualified Person described in paragraphs 5(e) through 5(i) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality (hereinafter "Confidentiality Agreement") in the form of Attachment "A." Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order. Counsel for the party seeking to disclose Confidential Material to any Qualified

Person pursuant to paragraphs 5(e) through 5(i) shall be responsible for retaining the executed originals of all such Confidentiality Agreements and certifying that such individuals have complied with the requirements of Paragraph 14.

7. Any motion, pleading or other submission that contains or attaches Confidential Material shall be filed in accordance with Local Rule 79-5 in a sealed envelope that: (a) is endorsed with the caption for the matter; (b) sets forth a general description of the contents of the sealed envelope; and (c) contains the following legend:

> "CONFIDENTIAL: THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT, CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED NOR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT."

All papers that refer to or rely upon Confidential Material shall specify the particular aspects of the documents or materials that are Confidential. A party's filing of any Confidential Material contained in or attached to a motion, pleading or other submission filed under seal with the Court does not constitute a waiver of the confidential designation of such materials.

8. If a person receiving Confidential Material learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, that person shall request the recipient to return the Confidential Material including all copies thereof, and notify the party that produced the Confidential Material of the disclosure.

9. Nothing in this Order shall prohibit disclosure of Confidential Material in response to compulsory process or the process of any governmental regulatory agency. If any person subject to this Order, including a person subject to a Confidentiality Agreement under this Order, is served with such process or receives notice of any subpoena or other discovery request seeking Confidential Material, such person shall promptly (not more than three (3) working days after receipt of such

process or notice) notify the Designating Party by telephone and facsimile of such process or request and furnish the designating party with a copy of the subpoena or other compulsory process, shall take all reasonable steps to refrain from producing Confidential Material in response to such process, shall afford a reasonable opportunity for the Designating Party to oppose the process or to seek a protective order, and if application for a protective is made by the Designating Party, shall not produce such Confidential Material prior to receiving a Court Order requiring production or written consent of the Designation Party.

10. Counsel for any deponent or party may not designate an entire deposition transcript Confidential. Counsel may designate specific portions of deposition testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his testimony are to be treated as confidential. The Court reporter shall separately bind such testimony and exhibits in a transcript bearing the legend "Confidential – Subject To Protective Order" on the cover page. Failure of Counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits. Until Counsel for the deponent or party designates the transcript or exhibits as confidential, however, any other party shall be entitled to treat the transcript or exhibits as non-confidential material.

11. No one may attend the portions of depositions or review the transcripts of the portions of any depositions at which Confidential Material is shown or discussed other than those persons designated in Paragraph 5 and outside counsel for any non-party deponent (who shall first sign the Confidentiality Agreement).

12. A party or other person objecting to designation of any document(s) or material(s) as Confidential Material shall provide written notice of the objection to Counsel for the Designating Party, specifying the document(s) or material(s) that are the subject of the objection. Upon receipt of the written objection, counsel for the Designating Party shall, within ~~fourteen (14)~~ ten (10) calendar days, ~~provide a written response to the~~

1  ~~objecting party explaining the basis for the designation as Confidential Material;~~
2  ~~otherwise the document(s) or material(s) shall be deemed to be no longer Confidential~~
3  ~~without a court order.~~ The parties and any other ~~objecting person(s) shall~~ confer in
4  good faith in an effort to resolve the objection _with the objecting party_ ~~and any response by the Designating~~
5  ~~Party~~ ("good faith conference"). If the objecting party or person and the Designating
6  Party are unable to resolve the issue, the Designating Party, within fourteen (14) days
7  after the good faith conference, subject to and in accordance with Local Rule 37-1
8  through 37-3, may file a motion with the Court to continue the designation of the
9  document(s) or material(s) as "Confidential Material." ~~In deciding such a motion, the~~
10 ~~Court shall make an independent determination as to whether or not the document(s)~~
11 ~~or material(s) is Confidential and is entitled to protection under applicable law.~~ To
12 maintain confidential status, the Designating Party shall have the burden of
13 establishing that the document(s) or material(s) constitutes Confidential Material as
14 defined in Paragraph 1 of this Order, and is entitled to protection under applicable
15 law. If the Designating Party does not file a motion seeking to maintain the
16 "Confidential Designation" within fourteen (14) days after the good faith conference,
17 the document(s) or material(s) at issue shall be deemed to be no longer confidential.
18 All document(s) and material(s) designated as Confidential Material shall remain so
19 designated until such time as either (i) the Designating Party fails to file a motion
20 within 14 days after the good faith conference, or (ii) the Designating Party files such
21 a motion but the Court rules that the document(s) or material(s) at issue should not be
22 deemed Confidential Material.
23       13.   If any Confidential Material is inadvertently provided to a discovering
24 party without being designated as confidential in accordance with Paragraph 3 of this
25 Order, the producing party may thereafter designate such materials as confidential and
26 the initial failure to so mark the material shall not be deemed a waiver of its
27 confidentiality. Until the material is designated as confidential by the Designating
28 Party, however, the discovering party shall be entitled to treat the material as non-

confidential. When the material is designated as confidential, the discovering party shall take prompt steps to assure that the material is marked as confidential or returned to the Designating Party for confidential designation pursuant to Paragraph 3 of this Order. The cost, if any, for gathering and/or marking this material as confidential shall be borne by the Designating Party.

14. After the final termination of this lawsuit (whether by judgment, settlement or otherwise, including all appeals), the Designating Party may, at its option, request that all Confidential Material, including all abstracts and summaries of such material, either be destroyed or returned to Counsel for the Designating Party. The producing party shall comply with any such request by the Designating Party for destruction or return of Confidential Material within sixty (60) days of that request. Such destroyed or returned materials shall not include the notes or work product of counsel for the parties, expert witnesses or consultants or investigators or agents thereof. Counsel for each such party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance. Reasonable out-of-pocket costs associated with returning or destroying Confidential Materials will be borne by the party requesting its return or destruction.

15. No party receiving documents or materials designated as "Confidential Material," shall have any obligation to object to the designation at the time the designation is made or at any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

16. Inadvertent disclosure of documents subject to work-product protection, the attorney-client privilege, or other legal privilege protecting information from disclosure shall not constitute a waiver of the protection or privilege, provided that the upon discovery of such inadvertent disclosure, the producing party promptly notifies the receiving party of such inadvertent disclosure. If reasonably prompt notification is made, such inadvertent disclosed documents and all copies thereof, as well as all

[Proposed] Stipulated Protective Order Regarding Confidential and Trade Secret Information

1  notes or other work product reflecting the contents of such materials, shall be returned
2  to the producing party or destroyed, upon request, and such returned or destroyed
3  material and any information derived from the inadvertently disclosed documents
4  shall be deleted from any litigation-support or other database. No use shall be made
5  of such documents during depositions or at trial, nor shall they or the contents thereof
6  be disclosed to anyone who was not given access to them prior to the request to return
7  or destroy them. If any party receives documents that it believes may have been
8  inadvertently disclosed, and may be subject to work-product protection, the attorney-
9  client privilege, or other legal privilege, it shall promptly notify the producing party.

10      17.    Nothing contained in this Order shall be a waiver of any objection to the
11 admissibility of any evidence at trial, in any pretrial proceeding or on appeal.

12      18.    ~~The use of Confidential Material at trial, whether produced pursuant to~~
13 ~~this Order or otherwise, shall be governed by Local Rule 79-5, the Final Pretrial~~
14 ~~Conference Order and further rulings or orders of the Court. However,~~ Although this
15 Order does not apply to the use of Confidential Material at trial, it does otherwise
16 obligate a party receiving Confidential Material to maintain the confidentiality of that
17 information until returned or destroyed in accordance with this Order.

18

19            **CONDITIONAL REQUEST FOR STATUS CONFERENCE** [crossed out]

20      If the Court finds that this [Proposed] Stipulated Protective Order Regarding
21 Confidential and Trade Secret Information does not address the matters raised by the
22 Court's Order Re: Parties' Proposed Protective Order, dated July 23, 2008, in a fully
23 satisfactory manner, the Parties request that the Court set a telephonic status
24 conference so that the Parties may address the Court and hear from the Court with
25 respect to any such matters. [entire paragraph crossed out]

[Handwritten insertion:] This Order is strictly a pretrial order and does not govern the trial in this action. Once this case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this Order becomes public and will be presumptively available to all members of the public, including the news media, unless good cause is shown to the District Judge in advance of the trial to proceed otherwise.

-9-

The parties, through counsel, stipulate to entry of the protective order as set forth above.

Dated: August 13, 2008

Larry A. Sackey, Esq. (CSBN 54474)
**Law Offices Of Larry A. Sackey**
11500 W. Olympic Blvd., Ste 550
Los Angeles, CA 90064
(310) 575-4444

Robert Horn (*admitted pro hac vice*)
Joe Kronawitter (*admitted pro hac vice*)
**Horn Aylward & Bandy, LLC**
2600 Grand Boulevard
Kansas City, MO 64108

Teresa K. Breman, Esq. (CSBN 222298)
**Breman Law Offices**
1999 Avenue of the Stars, Suite 1100
Century City, CA 90067
(310) 525-3530

By: _____
Larry A. Sackey, Esq.
Attorneys for Plaintiff, CHRISTOPHER KRUMMELL, in his capacity as Guardian Ad Litem for JOHN D. KRUMMELL, on behalf of himself and all others similarly situated

DATED: August 13, 2008

REED SMITH LLP

By: _____
Robert D. Phillips, Jr.
William H. Higgins
Attorneys for Defendant, North American Company for Life and Health Insurance

**IT IS SO ORDERED.**
DATED: August 14, 2008

_____
FERNANDO M. OLGUIN
Magistrate Judge, U.S. District Court

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

Case Name: *Krummell v. North American Company For Life And Health Insurance, et al.*

Case Number: CV08-01509

1. I, _____, have read and understand the Stipulation and Order Regarding Confidential and Trade Secret Information (the "Order") in this action, dated _____, and agree to be bound by its terms.

2. As set forth in the Order, I shall use Confidential Material, and the information in that Confidential Material, solely for the purpose of this litigation, and for no other purpose and no other case. I shall not disclose Confidential Material or the information in that Confidential Material except as permitted in the Order.

3. I hereby submit myself to the jurisdiction of the United States District Court Central District of California for the enforcement of these agreements and the Order.

Executed this ___ day of _____, _____.

_____
[signature]

_____
[Type or Print Name]

DOCSLA-15651305