UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN V.R. KRUMMELL and MATTHEW W.T. KRUMMELL, in their capacities as Co-Trustees of the Trust Estate of JOHN D. KRUMMELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, an Iowa Corporation and DOES 1 through 20,<br><br>Defendant. | No.: CV08-01509 CAS (FMOx)<br><br>*Honorable Christina A. Snyder*<br><br>**FINDINGS AND ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING ISSUANCE OF NOTICE TO THE CLASS, AND SETTING FINAL APPROVAL HEARING** |

The motion of Plaintiffs John V.R. Krummell and Matthew W.T. Krummell, in their capacities as co-trustees of the Trust Estate of John D. Krummell and as representatives of the Class (collectively "Plaintiffs"), for preliminary approval of the class action settlement reached with North American Company for Life and Health Insurance ("North American") came on for hearing before this Court on August 30, 2010. <u>William H. Higgins</u> appeared as attorney for North American, and <u>Larry A. Sackey</u> appeared as attorney for Plaintiffs. After considering the Settlement Agreement and Release ("Settlement Agreement"), the moving papers, arguments of counsel and all other matters presented to the Court, the Court finds that:

1. Plaintiffs John V.R. Krummell and Matthew W.T. Krummell, in their capacities as co-trustees of the Trust Estate of John D. Krummell, brought this class action lawsuit on behalf of the Trust Estate of John D. Krummell, and a putative class, alleging causes of action for (a) declaratory relief, (b) financial elder abuse, (c) breach of contract, (d) breach of duty of good faith and fair dealing, (e) negligent misrepresentation, (f) violation of California's unfair competition law, (g) violation of California Insurance Code section 781, (8) constructive trust, (h) constructive fraud, and (i) promissory estoppel based on allegations that North American tended to induce its flexible premium adjustable life insurance policyholders to default in premium payments through North American's purported use of allegedly ambiguous and misleading written communications, and North American's alleged failure to adequately notify its policyholders of the true status of the policies. Plaintiffs allege that North American's premium notices, grace notices, annual statements and other communications and related omissions caused the inadvertent lapse of coverage under the policies.

2. North American contested and continues to deny each and every claim and contention alleged by Plaintiffs in the Action, and it has asserted numerous defenses thereto. North American also denies and continues to deny any wrongdoing

1  or legal liability arising out of any conduct alleged in the Action and is prepared to
2  defend the Action.

3      3.    The proposed Settlement resulted from protracted and vigorous arm's-
4  length negotiations and was concluded only after each party conducted its own
5  investigation and evaluation of the factual and legal issues raised by the claims and
6  defenses in the Action.

7      4.    The Parties consider it desirable for this Action to be settled and
8  dismissed because the Settlement will: (a) provide benefits to the Class that are fair in
9  view of the uncertainties and risks in the litigation; (b) fully and finally resolve the
10 Class Claims of the Class Members; and (c) avoid the substantial expense, burdens,
11 risks, and uncertainties associated with the continued litigation of the Action.

12     5.    The Parties have entered into a Settlement Agreement that has been filed
13 with the Clerk of the United States District Court for the Central District of California,
14 Western Division.

15     6.    The Court has reviewed the Settlement Agreement (and all the
16 attachments thereto) and determined it to be fair, reasonable, adequate and within the
17 range of possible approval.  The Settlement does not improperly grant preferential
18 treatment to the Class Representatives or any segment of the Class.  The Settlement is
19 sufficient to warrant sending notice to the Lapsed Coverage Subclass.  The procedures
20 for establishing and administering the benefits provided by the Settlement and for
21 notice of the Settlement, exclusion from the Settlement, and objections to the
22 Settlement are fair, reasonable, and in the best interests of the Class.

23     7.    Based on Plaintiffs' motion, the Memorandum of Points and Authorities,
24 the Settlement Agreement, and all supporting exhibits and attachments, the Court
25 preliminarily certifies the Good Standing Subclass, as defined in Section 1.30 of the
26 Settlement Agreement, pursuant to Rule 23(a) and Rule 23(b)(2) for settlement
27 purposes and also certifies the Lapsed Coverage Subclass, as defined in Section 1.36
28

of the Settlement Agreement, pursuant to Rule 23(a) and Rule 23(b)(3) for settlement purposes.

8. Pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court hereby finds for settlement purposes that:

(a) the proposed Good Standing Subclass of approximately 115,000 Good Standing Policies satisfies the requirement that a class be sufficiently numerous such that joinder of all members is impractical;

(b) Plaintiffs' claims present an issue common to all proposed Good Standing Subclass Members because North American uses a template for premium due notices and grace notices to owners of Good Standing Policies who elect from time to time to planned premiums on a "direct bill" basis, and Plaintiffs allege that such templates are confusing;

(c) the typicality requirement of Rule 23(a)(3) is satisfied because the notices and annual statements provided to Plaintiffs are similar to those provided to members of the proposed Good Standing Subclass;

(d) the requirements of Rule 23(a)(4) are satisfied because (i) Class Counsel is qualified and competent to vigorously prosecute the Action, (ii) Plaintiffs' interests are not antagonistic to the interests of the Good Standing Subclass, and (iii) Class Counsel and Plaintiffs have fairly and adequately protected the interests of the Good Standing Subclass; and

(e) North American has acted on grounds that apply generally to the Good Standing Subclass.

9. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby finds for settlement purposes that:

(a) the proposed Lapsed Coverage Subclass of approximately 11,200 Qualifying Policies satisfies the requirement that a class be sufficiently numerous such that joinder of all members is impractical;

(b) Plaintiffs' claims present an issue common to all proposed Lapsed Coverage Subclass Members because North American uses a template for premium due notices and grace notices to Owners of Qualifying Policies who elect from time to time to planned premiums on a "direct bill" basis, and Plaintiffs allege that such templates are confusing;

(c) the typicality requirement of Rule 23(a)(3) is satisfied because the notices and annual statements provided to Plaintiffs are similar to those provided to members of the proposed Lapsed Coverage Subclass;

(d) the requirements of Rule 23(a)(4) are satisfied because (i) Class Counsel is qualified and competent to vigorously prosecute the Action, (ii) Plaintiffs' interests are not antagonistic to the interests of the Lapsed Coverage Subclass, and (iii) Class Counsel and Plaintiffs have fairly and adequately protected the interests of the Lapsed Coverage Subclass; and

(e) common questions "'predominate over any questions affecting only individual members'" and "class resolution [is] 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997).

10. The Court has reviewed the Revised Planned Premium Notice attached as Exhibit F to the Settlement Agreement and the Revised Grace Notice attached as Exhibit G to the Settlement Agreement. North American has implemented the Revised Planned Premium Notice and Revised Grace Notice in accordance with Section 3.2 of the Settlement Agreement. The Court finds that implementation of the Revised Planned Premium Notice and the Revised Grace Notice provides benefits to the Good Standing Subclass.

11. The Court has reviewed the notice provisions of Section 5 of the Settlement Agreement, and the Class Notice Package, including the Class Notice, the Claim Form and Eligibility Declaration, and Reinstatement Application Request Card attached to the Settlement Agreement as Exhibits A, B, and C, and the Court

determines that the form, content and manner of dissemination of the Class Notice Package:

        (a)    is the best practicable notice under the circumstances;

        (b)    is reasonably calculated to apprise Lapsed Coverage Subclass Members of the pendency of the Action and of their right to object to or exclude themselves from the proposed Settlement;

        (c)    is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and

        (d)    satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments.

Accordingly, it is hereby ORDERED AND DECREED AS FOLLOWS:

1. The Motion for Preliminary Approval is GRANTED. The Court preliminarily approves the Settlement Agreement. All defined terms in the findings above and this Order shall have the same meanings as in the Settlement Agreement.

2. The Good Standing Subclass, as defined in Section 1.30 of the Settlement Agreement, and the Lapsed Coverage Subclass, as defined in Section 1.36 of the Settlement Agreement, are preliminarily certified for settlement purposes only.

3. The Court appoints the law firms of: (a) Law Office of Larry A. Sackey; (b) Horn Aylward & Bandy, LLC; and (c) Breman Law Offices as Class Counsel. For settlement purposes only, the Court also appoints Plaintiffs John V.R. Krummell and Matthew W.T. Krummell, in their capacities as Co-Trustees of the Trust Estate of John D. Krummell, as the Class Representatives.

4. A hearing (the "Final Approval Hearing") will be held on <u>February 14, 2011</u> at <u>10:00</u> a.m. before the undersigned in the United States District Court for the Central District of California, Western Division, to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

5. The Court approves of the Revised Planned Premium Notice and the Revised Grace Notice substantially in the forms of Exhibits F and G to the Settlement Agreement, combined with such additional information as is appropriate for the particular situation for each Good Standing Policy. North American shall not be prohibited from modifying the Revised Planned Premium Notice or the Revised Grace Notice in the future in order to address changes in regulatory or legal requirements, changes in policy provisions, provisions in new policy forms, or other changes in business needs, including without limitation any changes in data processing systems.

6. The Court approves the form, content and manner of dissemination of the Class Notice Package.

7. North American and Class Counsel are authorized to:

(a) establish the means necessary to administer the proposed Settlement and implement the Revised Notices, the extension of the Reinstatement Period, and the Monetary Benefits Claims Review Process, in accordance with the terms of the Settlement Agreement; and

(b) retain a Settlement Administrator to administer the proposed settlement, including the dissemination of the Class Notice Package and processing of Claims for Monetary Benefits as described in the Settlement Agreement.

8. The Court approves the selection of <u>Gilardi & Co. LLC</u> as the initial Settlement Administrator pursuant to the Settlement Agreement.

9. North American shall mail or cause the Settlement Administrator to mail the Class Notice Package by First Class U.S. mail to the last-known address of each person identified in North American's policy administration system as the owner of a Qualifying Policy at the time coverage ended within fourteen days after the Class Determination Date, as described in the Settlement Agreement.

10. Prior to mailing the Class Notice Package, the Settlement Administrator shall utilize the U.S. Postal Service's National Change of Address database to attempt to locate updated addresses for each intended addressee. If any Class Notice Package

is returned as undeliverable by the U.S. Postal Service, the Settlement Administrator shall seek to obtain an updated address with respect to the addressee by requesting information from an address database maintained by a major credit reporting agency and shall mail the Class Notice Packages to the updated address if one is located. Neither North American nor the Settlement Administrator shall be required to mail Class Notice Packages to addresses which have been determined to be incorrect for intended addressees nor shall either of them be required to remail any returned Class Notice Packages unless such returned Class Notice Packages include a forwarding address and are received by North American or an updated address is obtained at least thirty days before the Final Approval Hearing.

11. The Settlement Administrator shall, within twenty-one days after mailing of the Class Notice Package, provide a declaration to the Court, with a copy to Class Counsel and North American's Counsel, attesting that the mailings of the Class Notice Package were made as specified in Sections 5.2 and 5.3 of the Settlement Agreement.

12. Each Lapsed Coverage Subclass Member who wishes to exclude himself or herself from the Lapsed Coverage Settlement Subclass must submit an appropriate, timely written request for exclusion by First Class U.S. Mail postmarked no later than sixty days after the mailing of the Class Notice Package, to the Settlement Administrator, in care of the address provided in the Class Notice.

13. No later than ten days after the Opt-Out Date, the Settlement Administrator shall provide Class Counsel and North American's Counsel with a written list of all the names of those submitting Opt-Out Notices. The Settlement Administrator shall report in writing to the Court not less than ten days prior to the Final Approval Hearing the names of all Opt-Outs.

14. Any Lapsed Coverage Subclass Member who does not submit a timely, written request for exclusion from the Lapsed Coverage Settlement Subclass shall be bound by all proceedings, orders, and judgments in the Action, even if such Lapsed Coverage Subclass Member has previously initiated or subsequently initiates

individual litigation or other proceedings against North American relating to any of the Class Claims.

15. Each Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the proposed settlement, or the award of attorneys' fees and expenses, shall serve on one of Class Counsel (to be designated by Class Counsel and to be stated in the Class Notice) and North American's Counsel by First Class U.S. Mail postmarked no later than sixty days after the mailing of the Class Notice Package, or at such other time as the Court may direct, a detailed statement of the objection and the grounds for such objection, a declaration that the objector is a Settlement Class Member, all documents or writings which the objector wants the Court to consider, and a statement that the Settlement Class Member is not an Opt-Out that is signed personally by the objector.

16. No later than seventy days after the mailing of the Class Notice Package, Class Counsel shall provide the Court with copies of all objections received by Class Counsel.

17. Any attorney hired by a Settlement Class Member at the Settlement Class Member's expense for the purpose of objecting to the Settlement, or to the award of attorneys' fees and expenses, shall (a) file a notice of appearance with the Clerk of the Court no later than thirty days prior to the Final Approval Hearing, or as the Court may otherwise direct, and (b) serve by First Class U.S. Mail copies of the notice of appearance on Class Counsel and North American's Counsel at the addresses set forth in the Class Notice postmarked no later than thirty days prior to the Final Approval Hearing, or as the Court otherwise may direct.

18. Any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Final Approval Hearing, shall, either in person or through personal counsel hired at the Settlement Class Member's expense (who has filed a timely notice to appear), serve by First Class U.S. Mail on Class Counsel and North American's Counsel at the addresses set forth in the Class Notice,

postmarked no later than ten days prior to the Final Approval Hearing, a notice of intention to appear at the Final Approval Hearing, and file a notice of intention to appear with the Court no later than ten days before the Final Approval Hearing.

19. North American's Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that might come into their possession that are not otherwise provided by the Settlement Administrator.

20. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or to comply with the terms of the Settlement Agreement. Further, pending the Court's final determination of whether the proposed Settlement will be approved, each and every Lapsed Coverage Settlement Subclass Member is barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, or in any other capacity of any kind whatsoever, any action in any other federal court, any state court, or any other tribunal or forum of any kind, against North American or Releasees asserting any claims that would be released and discharged upon final approval of the Settlement.

21. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (b) the proposed Settlement is terminated in accordance with the terms of the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

1        22.    The Settlement Agreement and any proceedings taken pursuant thereto are not, and should not in any event be: (a) interpreted as an admission of any liability or wrongdoing by North American; (b) construed as an admission of any strength or weakness of the Class Claims against North American or as an admission of any strength or weakness of any defense asserted by North American; (c) used by anyone in this lawsuit or in any other proceeding to argue that any class action should be certified against North American outside of this negotiated Settlement; (d) used to argue before any forum that the Settlement Agreement and any proceedings taken pursuant thereto shows or evidences in any way that North American has violated any law or legal obligation, or that there is any strength or weakness in any Class Claim against North American, except that Plaintiffs may acknowledge in their motion for final approval of this Settlement that there is sufficient uncertainty as to the Class Claims that this Settlement is in the best interests of the Class; or (e) construed as, or deemed to be evidence of, an admission or concession by North American of any fault or liability for damages whatsoever.

       23.    The Court reserves the right to continue the Final Approval Hearing without further written notice to the Class, but will notify counsel for the Parties (including objectors who have timely filed a notice of intention to appear in these proceedings). Unless the Court specifically orders otherwise, any such continuance shall not be interpreted to expand or change any deadlines contained in this Order or the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: <u>August 30, 2010</u>      _____
                                                          THE HON. CHRISTINA A. SNYDER
                                                          UNITED STATES DISTRICT JUDGE