JS-6

# THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN V.R. KRUMMELL and MATTHEW W.T. KRUMMELL, in their capacities as Co-Trustees of the Trust Estate of JOHN D. KRUMMELL, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, an Iowa Corporation and DOES 1 through 20,<br><br>    Defendant | No.: **CV08-01509** CAS (FMOx)<br>*Honorable Christina A. Snyder*<br><br>**[PROPOSED]** FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE THEREON<br><br>Hearing Date:  February 14, 2011<br>Time:  10:00 a.m.<br>Courtroom:  "5"<br><br>Complaint filed: March 6, 2008 |

The motion of Plaintiffs John V.R. Krummell and Matthew W.T. Krummell, in their capacities as co-trustees of the Trust Estate of John D. Krummell and as representatives of the Class (collectively "Plaintiffs"), for final approval of the class action settlement reached with North American Company for Life and Health Insurance ("North American") came on for hearing before this Court on February

14, 2011. William H. Higgins appeared as attorney for North American, and Larry A. Sackey and Joseph Kronawitter appeared as attorneys for Plaintiffs. After considering the Settlement Agreement and Release ("Settlement Agreement"), the moving papers, arguments of counsel and all other matters presented to the Court, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Motion for Final Approval of Class Action Settlement is hereby GRANTED.

2. This Final Order Approving Class Action Settlement and Final Judgment of Dismissal With Prejudice Thereon ("Final Approval Order") incorporates and makes part hereof: (a) the Parties' Settlement Agreement and Release ("Settlement Agreement"), filed August 9th, 2010 and (b) the Court's findings and conclusions contained in its Findings and Order Preliminarily Approving Settlement, Directing Issuance of Notice to the Class, and Setting Final Approval Hearing ("Preliminary Approval Order"). All defined terms in this Final Approval Order shall have the same meanings as in the Settlement Agreement.

3. All preliminary findings and conclusions in the Court's Preliminary Approval Order are hereby made final.

4. The Court has personal jurisdiction over all Class Members. The Court has subject matter jurisdiction over the claims asserted in this Action including, without limitation, jurisdiction to approve the Settlement Agreement. Venue is proper. The Settlement Agreement is fair, reasonable and adequate, and consistent and in compliance with the applicable provisions of the United States Constitution, its Amendments, and the Federal Rules of Civil Procedure, as to, and in the best interests of, the Class. The Court also finds that the Settlement resulted from protracted and vigorous arm's-length negotiations and was concluded only after Plaintiffs and North American conducted their own investigation and evaluation of the factual and legal issues raised by Plaintiffs' claims, as well as North American's defenses. No objections have been made to the Settlement by

any member of the Settlement Class.  Accordingly, the Settlement Agreement is hereby finally approved.

5.  The Court hereby directs that the Settlement shall be effected in accordance with the terms of the Settlement Agreement (all of which terms are adopted and incorporated herein by reference).

6.  The Court finds that implementation of the Revised Planned Premium Notice and the Revised Grace Notice will be beneficial to the Good Standing Subclass.  The Court approves the Revised Planned Premium Notice and the Revised Grace Notice substantially in the forms of Exhibits F and G to the Settlement Agreement, combined with such additional information as is appropriate for the particular situation for each Good Standing Policy.  North American shall not be prohibited from modifying the Revised Planned Premium Notice or the Revised Grace Notice in the future in order to address changes in regulatory or legal requirements, changes in policy provisions, provisions in new policy forms, or other changes in business needs, including without limitation any changes in data processing systems.

7.  The Court finds that the benefits to the Lapsed Coverage Settlement Subclass of an extension to the Reinstatement Period and the implementation of a Monetary Benefits Claim Review Process are fair, reasonable and adequate.  Accordingly, the Court approves the benefits to the Lapsed Coverage Settlement Subclass as described in the Settlement Agreement.

8.  Pursuant to the Court's Preliminary Approval Order, the notice requirement was satisfied in that the Settlement Administrator sent the Class Notice Package by First Class U.S. mail to the last-known address of each person identified in North American's policy administration system as the owner of a Qualifying Policy at the time coverage ended.  Members of the Lapsed Coverage Subclass had the opportunity to exclude themselves from the Settlement or to object to the Settlement, and they were informed of the date, time, and location of

the Final Approval Hearing and had the opportunity to appear at the Final Approval Hearing. These procedures afforded protections to Lapsed Coverage Subclass Members and provide the basis for the Court to make an informed decision on approval of the Settlement based on the responses of Lapsed Coverage Subclass Members.

9. The form, content and manner of dissemination of the Class Notice Package and all other instruments provided to Lapsed Coverage Subclass Members pursuant to this Agreement:

    (a) constituted the best practicable notice under the circumstances;

    (b) constituted notice that was reasonably calculated to apprise Lapsed Coverage Subclass Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement and to appear at the Final Approval Hearing;

    (c) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and

    (d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments.

10. Class Counsel and the Plaintiffs adequately represented the Good Standing Subclass and the Lapsed Coverage Subclass for purposes of entering into and implementing the Settlement.

11. The list of those persons who have requested exclusion from the Lapsed Coverage Settlement Subclass in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order has been filed with the Court under seal on February 4, 2011 as an attachment to the declaration of the Settlement Administrator, and is hereby approved. Those persons, and Michael L. Davis, his estate, and the beneficiaries of the policy issued to him, including Michael Davis, Anthony Davis, Morgan Davis and Paula Davis, a resident of Aurora, Illinois, are hereby excluded from the Lapsed Coverage Settlement

Subclass. The Court finds that such persons constitute all Lapsed Coverage Subclass Members who have timely requested exclusion from the Lapsed Coverage Settlement Subclass and, accordingly, such Lapsed Coverage Subclass Members shall neither share in nor be bound by this Final Approval Order or the Settlement Agreement.

12. Class Counsel are hereby awarded attorneys' fees and expenses in the amount of $905,000. This amount covers any and all claims for attorneys' fees and expenses incurred by Class Counsel in prosecuting Class Claims and for all services rendered up to and in connection with the Action and the Settlement. Such payment is to be provided by North American to Horn Aylward & Bandy, LLC within thirty days after the Final Settlement Date. Horn Aylward & Bandy, LLC, shall allocate and distribute such payment among the Class Counsel. North American shall have no responsibility or liability in connection with the allocation of this payment among Class Counsel.

13. The Court awards John V. R. Krummell and Matthew W. T. Krummell, as trustees of the Trust Estate of John D. Krummell, the total amount of $25,000. as an incentive payment for services rendered as Class Representatives in prosecuting the Class Claims. North American will pay the incentive payment in addition to any benefits that Plaintiffs are entitled to receive as Lapsed Coverage Settlement Subclass Members. Such payment is to be provided by North American to Horn Aylward & Bandy, LLC within thirty days after the Final Settlement Date. Horn Aylward & Bandy, LLC shall deliver this payment to the Class Representatives. North American shall have no responsibility or liability for any failure of delivery or misapplication of this payment.

14. Notice of the Final Settlement Date shall be given to the Lapsed Coverage Settlement Subclass by posting a statement on the Settlement Website stating the Settlement became Final and providing the date of the Final Settlement Date. Such notice shall be posted within two business days following the Final

Settlement Date, and the Settlement Website shall be maintained for a period of six months following the Final Settlement Date.

15. The Release set forth in the Settlement Agreement in Section 7 is incorporated herein and effective as of the date of this Final Approval Order.

16. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court shall retain exclusive jurisdiction as to all matters relating to the administration, construction, consummation, enforcement, and interpretation of the Settlement Agreement and the Settlement and all orders issued, including this Final Approval Order, concerning the Settlement, and administration of the Settlement. The Parties submit to the jurisdiction of the Court for purposes of administration, construction, consummation, enforcement, and interpretation of the Settlement Agreement and the Settlement.

17. Neither this Final Approval Order, nor the Settlement Agreement, nor any other document referred to herein or therein, nor any action taken to carry out the Settlement Agreement or this Final Approval Order is, may be construed as, or may be used as an admission or concession by or against North American of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings relating to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to North American's denials or defenses, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Approval Order or the Settlement Agreement; provided, however, that this Final Approval Order and the Settlement Agreement may be filed in any action against or by North American or Releasees to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim

preclusion, issue preclusion or similar defense or counterclaim to the extent allowed by law.

18. The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Settlement that are consistent with the Final Approval Order, and do not limit the rights of Class Members under the Settlement Agreement.

19. This Action (and any and all Class Claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend. The judgment is binding upon all Lapsed Coverage Settlement Subclass Members and upon North American and extinguishes all claims of Lapsed Coverage Settlement Subclass Members alleged, or which could be alleged based upon, or arise from, the matters which were alleged in the Action or were released pursuant to the Settlement Agreement. All Lapsed Coverage Settlement Subclass Members are permanently enjoined from asserting any claims extinguished by the judgment.

20. There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Approval Order, and hereby decrees that, upon entry, it be deemed a final judgment.

**IT IS SO ORDERED.**

DATED: February 16, 2011

_____
THE HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDG

7

**KRUMMELL V. NORTH AMERICAN – [PROPOSED] ORDER RE FINAL APPROVAL**